**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-5098**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARBARA MAY BLACKWELL,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:04-cr-00040)

———————————

Submitted: October 10, 2007          Decided: November 16, 2007

———————————

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Steven D. Rosenfield, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara May Blackwell appeals her sentence to forty-two months in prison, three years of supervised release, and restitution after pleading guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343 (2000). On appeal, Blackwell contends the district court erred in enhancing her sentence based on its findings that she obstructed justice, did not accept responsibility, and abused a position of trust. We affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Issues raised for the first time on appeal are reviewed for plain error. Hughes, 401 F.3d at 547. To establish plain error, the defendant must show: (1) error; (2) that was plain or obvious; (3) the error affected her substantial rights; and (4) this court should exercise its discretion to notice the error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993).

Blackwell contends the district court erred in finding that she obstructed justice and applying a two-level enhancement

under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2000), and the court compounded its error by denying her a reduction for acceptance of responsibility under USSG § 3E1.1. The probation officer recommended that Blackwell receive the enhancement for providing materially false information during the presentence investigation. She answered "N.A." to the question as to whether she had been a party to any civil suits, even though she had three civil judgments that the probation officer contended should be included in relevant conduct. At sentencing, the Government argued the enhancement was also supported by Blackwell's materially false statements during the sentencing hearing, and the district court agreed. The court found Blackwell had obstructed justice and denied her a reduction for acceptance of responsibility based on the obstruction as well as the whole tenor of her testimony.

On appeal, Blackwell argues the district court clearly erred in finding she obstructed justice by not revealing the three civil judgments, because the court ultimately ruled they would be excluded from the loss under USSG § 2F1.1(b)(1), and in finding she falsely testified that one of her victims, Beekman Beavers, was involved in the fraud, because she did not say he was involved in the fraud. However, the issue whether the judgments should be included as relevant conduct was a close one affecting the total offense level, and Blackwell's initial false statement was material because, if believed, it would tend to influence or affect the

issue.  Moreover, Blackwell objected to the loss amounts associated with Beavers based on her assertion that he was an "accomplice," not a victim, and she testified he "knew about every transaction" and authorized her to use his accounts for overcharging, double-billing, and other fraudulent transactions.  Despite pleading guilty, Blackwell further testified she "didn't take any of the money."  Based on our review of the record, we conclude the district court did not clearly err in finding Blackwell obstructed justice and did not accept responsibility.

Blackwell further contends the district court erred by enhancing her sentence for abusing a position of trust pursuant to USSG § 3B1.3.  Because she did not raise this issue in the district court, our review is for plain error.  The enhancement applies when a defendant abuses a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense.  Such a position is characterized by professional or managerial discretion, and persons holding such positions are ordinarily subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. USSG § 3B1.3 comment. (n.1).  As we have explained, "fraud alone does not justify the enhancement.  We must carefully distinguish between those arms-length commercial relationships where trust is created by the defendant's personality or the victim's credulity, and relationships in which the victim's trust is based on the

- 4 -

defendant's position in the transaction." United States v. Bollin, 264 F.3d 391, 415 (4th Cir. 2001) (internal quotations and citations omitted). The enhancement applies where the defendant has broad discretion to act on behalf of the victim, and the victim believes the defendant will act in the victim's best interest. Id. at 416 (quotations and citations omitted). "[A]pplication of the enhancement requires more than a mere showing that the victim had confidence in the defendant. Something more akin to a fiduciary function is required." United States v. Caplinger, 339 F.3d 226, 237 (4th Cir. 2003) (internal quotations and citations omitted).

We have reviewed the record and conclude that Blackwell has not shown the district court plainly erred in finding she abused a position of trust. Blackwell, an Australian citizen, owned, operated, and was president of Experience Australia Tours, Inc., an independent travel broker specializing in Australian tour packages for individuals and tour groups. Travel agencies sent Blackwell payments and credit card information from customers, relying on her to use the funds in making all the specific travel arrangements, including airline flights, hotels, and tours that were being purchased from other businesses. In her position with Experience Australia Tours, Blackwell had managerial discretion and unsupervised access to an extensive number of credit card accounts, which she used to commit and conceal her crimes. Based on this record, we cannot conclude the district court plainly erred in

applying the enhancement.  See Bollin, 264 F.3d at 416; United States v. Akinkoye, 185 F.3d 192, 204-05 (4th Cir. 1999).

We therefore deny Blackwell's second motion for remand, motion for release, and motion for expedited review, and we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED